NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| HAROLD M. HOFFMAN, individually and on behalf of those similarly situated, | : : : : | **Civil Action No. 13-5565 (SRC)** |
| Plaintiff, | : : | |
| v. | : : | **OPINION** |
| COUNTRY LIFE, LLC, | : : | |
| Defendant. | : : : | |

**CHESLER**, District Judge

      This matter comes before the Court upon the motion of Plaintiff Harold M. Hoffman, Esq. ("Plaintiff") to remand this putative class action to the Superior Court of New Jersey. [Docket Entry 4.] Defendant Country Life, LLC ("Defendant") has opposed the motion. Pursuant to Federal Rule of Civil Procedure 78, the Court will rule on the papers submitted, and without oral argument. For the reasons that follow, Plaintiff's motion will be denied.

**I.    Background**

      This consumer fraud class action lawsuit involves allegedly "false and misrepresented claims of product efficacy" made by Defendant about a dietary supplement known as "Omega 3 Mood." (Compl. at 1.) According to the Complaint, Defendant promotes, markets and sells Omega 3 Mood nationwide by making unsubstantiated representations that the product is scientifically formulated to support brain health, emotional health and mood. Plaintiff, who is a citizen of New Jersey residing in Bergen County, alleges that in July 2013, he purchased Omega

3 Mood based on his exposure to Defendant's allegedly false marketing claims regarding the product. He further alleges that because the product is unable to deliver the benefits promised by Defendant, he, and other purchasers of Omega 3 Mood, have sustained ascertainable loss in the amount of the difference between the price paid for the product and the represented value of the product.

On or about August 15, 2013, Plaintiff filed a class action Complaint in New Jersey state court, seeking treble and punitive damages for violation of the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. § 56:8-1, et seq. Plaintiff, who is also an attorney, states in the Complaint that he proposes to act as both class counsel and class representative. The putative class consists of "all nationwide purchasers of Omega 3 Mood for the four year period preceding the filing of this suit." (Compl. at ¶ 30.) Plaintiff asserts in the Complaint that, including compensatory, treble and punitive damages, the total value of the nationwide class claims is less than $5 million.

Defendant removed the action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(d), the provision commonly known as the Class Action Fairness Act ("CAFA"). Presently before the Court is Plaintiff's motion to remand the case to the Superior Court of New Jersey.

## II. Legal Standard

Pursuant to 28 U.S.C. § 1447(c), remand to state court is required where "it appears that the district court lacks subject matter jurisdiction." Here, Defendant asks the Court to exercise jurisdiction pursuant to CAFA, which vests original jurisdiction in the federal district courts to hear "class action" lawsuits in which the proposed class has at least 100 members, "the parties

2

are minimally diverse," and "the matter in controversy exceeds the sum or value of $5,000,000." Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1348 (2013) (quoting 28 U.S.C. § 1332(d)(2), (d)(5)(B)). To "determine whether the matter in controversy" exceeds the $5 million jurisdictional threshold a district court must aggregate "the claims of individual class members." § 1332(d)(6). In other words, CAFA "tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." Knowles, 133 S. Ct. at 1348. The Supreme Court has, moreover, expressly held that a named plaintiff's stipulation, made before the proposed class is certified, that the amount in controversy falls below the $5 million threshold does not defeat CAFA jurisdiction because the pre-certification stipulation cannot bind absent class members and thus has no effect on the value of the claims. Id. at 1348-49.

When a class action complaint expressly disclaims the ability to recover the $5 million jurisdictional amount, the Third Circuit instructs that the burden is on the defendant to prove "to a legal certainty that plaintiff can recover" that amount. See Frederico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007) (citing Morgan v. Gay, 471 F.3d at 469, 474 (3d Cir. 2006)). The concept of legal certainty is not well defined, but falls somewhere below "absolute certainty" and above "preponderance of the evidence." See Stephenson v. Consol. Rail Corp., No. 13-cv-721 (RBK), 2013 WL 1740005, at *2 (D.N.J. Apr. 23, 2013) (quoting, *inter alia*, Nelson v. Keefer, 451 F.2d 289, 293 n.6 (3d Cir. 1971)). A court examines both "the dollar figure offered by the plaintiff" and plaintiff's "actual legal claims" to determine whether "the amount in controversy exceeds the statutory threshold." See Morgan, 471 F.3d at 474-75.

In this case, Plaintiff does not contest either the class size or minimal diversity requirement.[1] He does, however, maintain that the action lacks the requisite amount in controversy because, he argues, it cannot be certified as a class action in the District of New Jersey and therefore only his individual damages, based on the purchase of a $32 product, are in controversy. Plaintiff argues, in short, that "rather than a potential class action, this Court has before it a case that involves individual purchase of a single $32 product," which provides no basis for diversity jurisdiction under 28 U.S.C. § 1332. (Pl. Br. at 5-6.)

Plaintiff's argument is perplexing. To read his Complaint, this case concerns the fraudulent marketing and distribution of "significant quantities of Omega 3 Mood to consumers throughout the nation, including the State of New Jersey." (Compl. at ¶ 7). According to the Complaint, at least, this is exactly the type of case CAFA is intended to address. See Knowles, 133 S. Ct. at 1350 (noting that CAFA's "primary objective" is "ensuring [f]ederal court consideration of interstate cases of national importance."). In contrast, Plaintiff's motion papers characterize this this case as no more than an individual consumer fraud action based on Plaintiff's single $32 purchase and thus no more than $100 at stake (assuming a treble damages award), a damages figure that is substantially less than what it costs to file a civil complaint in New Jersey Superior Court.[2] Something does not compute.

The confusion appears to arise from a fallacy in Plaintiff's argument. In Plaintiff's view, the nature of a putative class action lawsuit somehow changes the moment the suit is removed from state court to federal court. He states that "there can be no dispute that upon removal, class treatment of this case was rendered dead on arrival in the [D]istrict of New Jersey." (Pl. Br. at 2.)

---

[1] Based on the Notice of Removal filed by Defendant, the Court is satisfied that the action satisfies these two requirements of CAFA jurisdiction.

[2] See State of New Jersey, Court Fees, available at http://www.judiciary.state.nj.us/forms/courtfees.pdf.

It is Plaintiff's belief that this class cannot be certified pursuant to Federal Rule of Civil Procedure 23 in light of his dual role as class counsel and class representative, which the Third Circuit has held creates a conflict of interest. See Kramer v. Scientific Control Corp., 534 F.2d 1085, 1092 (3d Cir. 1976). He further argues that the impossibility of class certification, in turn, means that the only amount in controversy is the amount of his individual damages, an amount that falls far short of the $75,000 threshold for non-class action diversity jurisdiction. An essential part of Plaintiff's flawed argument is the supposition that the CAFA jurisdictional inquiry takes into account events that occur after the initial filing in state court – *e.g.*, removal and class certification. But the actual inquiry is the exact opposite. The Supreme Court has clearly held, in the context of a case removed under CAFA, that the jurisdictional inquiry a court must conduct is limited to examining the case 'as of the time it was filed in state court.'" See Knowles, 133 S. Ct. at 1349 (quoting Wis. Dep't of Corrs. v. Schacht, 524 U.S. 381, 390 (1998))). The Court, at this time, need not and will not express any opinion on the ultimate success of a motion to certify the class under Rule 23(b)(3). Neither the act of removing the lawsuit to this Court, nor Plaintiff's argument that the class cannot be certified has any bearing on the question of whether this Court has subject matter jurisdiction.

Plaintiff's argument also fails for a more basic reason. CAFA itself expressly defines "class members" for purposes of the jurisdictional calculation to include those persons "who fall within the definition of the *proposed* or certified class." 28 U.S.C. § 1332(d)(1)(D) (emphasis added). This Court, as the Supreme Court did in Knowles, interprets § 1332(d)(1)(D) to mean what it says: a "District Court" applying the statute before a motion for class certification is filed "aggregate[s] proposed class members' claims." See 133 S. Ct. 1345 at 1350. Matters relating

5

to Plaintiff's ability to satisfy the class certification requirements of Rule 23(a) and (b)(3) are simply not before the Court on its initial assessment of whether jurisdiction under § 1332(d) exists.[3] Pursuant to established Third Circuit precedent, the jurisdictional inquiry the Court must resolve at this time focuses on whether Defendant can show "to a legal certainty" that the individual claims of all proposed class members aggregate to more than $5 million. If Defendant succeeds in making the requisite showing, remand is inappropriate.

The Court finds that Defendant has satisfied its burden of establishing the existence of subject matter jurisdiction under CAFA. Estimating the actual aggregate losses of the individuals in the proposed class is a "relatively straightforward" process where, as is the case here, Plaintiff brings suit requesting treble damages under the CFA. See Hoffman v. Natural Factors Nutritional Prods., No. 12-7244 (ES), 2013 WL 5467106, at *6 (D.N.J. Sept. 30, 2013). Plaintiff proposes a class that consists of "all nationwide purchasers of Omega 3 Mood for the four year period preceding the filing of this suit." (Compl. at ¶ 30.) Plaintiff alleges that had it not been for Defendant's misrepresentations, he and the other members of the putative class "would not have paid much, if at all, for Omega 3 Mood." (Id. at ¶ 12.) He further alleges that "[i]n truth, the product sold by Defendant can deliver no benefit consistent with Defendant's promises." (Id. at ¶ 18.) The Complaint pleads for damages in the form of the "substantial

---

[3] Plaintiff cites to some authority from the District of New Jersey that he asserts supports his position that the patent impossibility of class certification precludes the existence of CAFA jurisdiction. To the extent that any of the cases cited state that a District Court cannot exercise CAFA jurisdiction where the class is not certified, those cases contemplate a situation where the Court has already denied a motion for class certification. See, e.g., Rivera v. Wa. Mut. Bank, 637 F. Supp. 2d 256, 263 (D.N.J. 2009) ('in the event that no class is certified and the Court must dismiss the case for lack of jurisdiction"); Atlass v. Mercedes-Benz USA, LLC, No. 07-2720 (DRD), 2007 WL 2892803, at *1 n.1 (D.N.J. Sept. 25, 2007) (exercising CAFA jurisdiction in deciding motion to dismiss but noting jurisdiction will be lost "if a class cannot be certified"). His reliance on the District Court's decision in Robinson v. Hornell Brewing Co. is completely misplaced, for in that case, filed as a putative Rule 23(b)(2) action for injunctive relief, the court's decision that it lacked jurisdiction over the class claims was based on the named plaintiff's failure to present an Article III case or controversy. Robinson v. Hornell Brewing Co., 2012 WL 6213777, at *8 (D.N.J. Dec. 13, 2012). The Robinson court concluded that it was the "exceptional case" in which the Court lacked subject matter jurisdiction over the class action claims from the start because the "sole plaintiff lacked standing to seek injunctive relief," a defect which existed at the time the complaint was filed. Id.

difference between the price paid by consumers, including plaintiff, for the Defendant's product and the represented value of the product," which Plaintiff alleges is negligible. (Compl. at ¶¶ 26, 28.)  As evidence of the amount in controversy, Defendant submits the Declaration of its Chief Operating Officer (the "Declaration").  The Declaration states that Omega 3 Mood is sold in bottles of 90 or 180 gel capsules which retail for $31.99 and $59.99, respectively.  The Declaration further states that, during the four-year period between September 9, 2009 through September 9, 2013, Defendant shipped 145,285 units of the 90 capsule bottles and 20,200 bottles of the 180 capsule bottles to distributors and retailers.  Given Plaintiff's definition of the class, the class period, and his allegation that customers received little to no value for the product purchased, Defendant properly calculates the amount in controversy by multiplying all Omega 3 Mood product units shipped nationwide during the class period by the retail value of the units. According to the Declaration, this calculation results in an aggregate retail value of $5,860,665. This figure does not include tax and shipping costs, and it does not account for the proposed class's entitlement to treble and punitive damages on a successful CFA claim.  The evidence submitted by Defendant suffices to prove "to a legal certainty" that the claims of the proposed class exceed $5 million in the aggregate.  <u>Frederico</u>, 507 F.3d at 197.  As such, and finding that the other requirements of 28 U.S.C. § 1332(d)(2) satisfied, the Court concludes that it has subject matter jurisdiction over this action.

## III. Conclusion

For the foregoing reasons, the Court will deny Plaintiff's motion to remand. An appropriate Order accompanies this Opinion.

                                                                       s/ Stanley R. Chesler
                                                                      STANLEY R. CHESLER
                                                           United States District Judge

Dated: November 20, 2013